# CIRCUIT COURT OF THE CITY OF PORTSMOUTH

Cornelius M. Perry

v.

Dennis Sean McClure,
Billy Ray Turner,
and Zeke's Auto Parts
and Services, Inc.

December 22, 1998

Case No. (Law) 97-1857

BY JUDGE VON L. PIERSALL, JR.

In this case, the Defendant "moved the Court for an Order Compelling the Plaintiff to produce a full and complete accounting of how medical bills claimed to have been incurred as a result of the accident have been paid, in particular which bills have been paid in part or in full by Medicare, Medicaid, or SSI." The Defendant seeks to have the Court compel "the Plaintiff to provide all necessary information regarding those portions of any medical bills presented to the Plaintiff by health care providers which have been 'written off' or forgiven by the health care provider and/or for which the Plaintiff is not and cannot be held liable by the health care provider."

This question has been considered by many circuit courts in the Commonwealth, with no clear consensus. The issue is raised generally in two ways. It is raised by a motion to compel the Plaintiff to state which medical bills have been written off by the health care provider as a result of their negotiations or contractual arrangements with private health insurance, Medicare, or Medicaid. Also, it comes up in a motion in limine seeking to prevent the Plaintiff from introducing evidence of bills which have been written off by the health care provider.

The question here is whether the Defendant should be allowed to compel discovery of such "write off" if in fact the collateral source rule permits recovery of such bills. Should the Plaintiff's proof be limited to the amount accepted by the health care provider as payment in full, or should it be for the total cost of the service?

This trial court can now be counted among those courts which rule that whether or not the bill is paid in full by private insurance, Medicare, or Medicaid or paid in part after the health care provider has written off part, the full amount of the cost of the service is admissible, and therefore, Defendant's Motion to Compel answers is denied. The information is not relevant and will not lead to discovery of relevant evidence.